# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNYLVANIA

| | |
|---|---|
| GREG BARKLEY, individually and as parent and natural guardian of D.B., a minor, | ) ) ) ) |
| Plaintiffs, | ) Civil Action No. 2:11-cv-00983 |
| v. | ) ) Judge Mark R. Hornak |
| WESTMORELAND COUNTY CHILDREN'S BUREAU, WESTERMORELAND COUNTY, AMY FONTANA, individually and in her capacity as an employee of Westmoreland County Children's Bureau, and HEATHER TINKEY, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

This is a civil action in which the Plaintiff alleges negligence claims against Heather Tinkey ("Tinkey"), the biological mother of his son, D.B., for injuries D.B. sustained when he was improperly secured in the passenger cabin of a vehicle driven by Tinkey.[1] Currently pending before the Court is the Plaintiff's unopposed Amended Motion to Deem Defendant Heather Tinkey Served. ECF No. 32. For the reasons that follow, the motion is denied.

In the pending motion, Plaintiff avers that he attempted to serve Tinkey with the Complaint on six (6) separate occasions. On July 20, 2011, the initial Complaint was filed in this case. ECF No. 1. The Office of the Clerk of this Court issued a summons as to Tinkey on July 29, 2011. The first attempt to serve the Complaint on Tinkey was on August 1, 2011, when it

---

[1] For purposes of disposing of the instant motion, the Court need not address the facts related to the merits of the case. However, the Court has previously had the occasion to conduct a thorough review of the factual allegations of the pleadings. *See Barkley v. Westmoreland Cnty. Children's Bureau*, 853 F. Supp. 2d 522 (W.D. Pa. 2012).

1

was sent by certified mail to 140 Kregar Road, Stahlstown, Pennsylvania 15658 (the "Pennsylvania Address"), Tinkey's last known Pennsylvania address. Four days later, on August 5, 2011, Plaintiff's counsel received the returned mailing and learned that its first attempt was unsuccessful by a notification that the United States Postal Service was unable to forward the mailing.

Based upon further investigation and research regarding Tinkey's whereabouts, counsel for the Plaintiff next sent the Complaint by certified mail to Tinkey at an address located at 18904 FM, 103, Nocona, Texas 76255-6583 (the "First Nocona Address") on August 25, 2011. The second attempt proved to be unsuccessful when Plaintiff's law firm (the "Lindsey Law Firm") received notification on September 6, 2011 that there was not a receptacle for the mailing at the First Nocona Address. That same day, Plaintiff attempted to serve Tinkey a third time by certified mail at P.O. Box 231, Nocona, Texas 76255 (the "Second Nocona Address"). The receipt on the third mailing was returned to the Lindsey Law Firm on October 17, 2011 with a notation that the mailing was unclaimed. Plaintiff attempted to serve Tinkey a fourth time at the Second Nocona Address by regular mail on September 16, 2011. That mailing was never returned to the Lindsey Law Firm.

According to the Plaintiff, Tinkey contacted the Lindsey Law Firm by telephone on September 26, 2011, after the fourth attempt at service but before the third mailing was returned as unclaimed. During that phone call, Tinkey "indicated that she had received the Complaint and wanted information on what she should do with it." ECF No. 32 at ¶ 13. The Lindsey Law Firm's administrative staff allegedly advised Tinkey to contact an attorney of her choosing and notified her that she was being sued by the Plaintiff, a client of the Lindsey Law Firm. This series of events is supported by the sworn affidavits of Scarlet Karpakis and Audrey Conner,

2

both of whom are employed by the Lindsey Law Firm. ECF Nos. 32-1, 32-2. The Plaintiff further avers that, since that phone call, neither Tinkey nor any person claiming to represent her legal interests has contacted the Lindsey Law Firm regarding Tinkey's legal representation.

Plaintiff made a fifth attempt to serve Tinkey with the Complaint when it hired Trans-American Court Service ("Trans-American"), located in Wichita Falls, Texas. On November 23, 2011, Trans-American contacted the Lindsey Law Firm to advise them that the last known Texas address for Tinkey was no longer valid and, in fact, did not exist.[2] On December 8, 2011, the Lindsey Law Firm reached out to Trans-American again in an effort to locate Tinkey. At that time, Trans-American indicated that she could not be located. The Lindsey Law Firm contact the United States Post Office in Nocona, Texas that same day, and a Postal Service representative advised the Lindsey Law Firm that Tinkey's new address was P.O. Box 1147, Bowie, Texas 76230 (the "Bowie Address"). On March 23, 2012, Plaintiff, through counsel, attempted to serve Tinkey a sixth time by certified mail at the Bowie Address. Based on the papers filed with the Court and the review of the docket in this matter, there is no indication of the result of the last mailing other than another failed attempt at service of process, which is supported by the filing of the instant motion.

Generally speaking, service of process in cases filed in federal court is governed by Fed. R. Civ. P. 4(e). That rule states that an individual (other than a minor, an incompetent person, or a person whose waiver has been filed) may be served in a judicial district of the United States by, among other things, following state law for serving a summons in the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e). Because this Court sits in the

---

[2] Whether the "last known Texas address" at that time was the First Nocona Address or the Second Nocona Address is unclear based on the filings.

3

Commonwealth of Pennsylvania and Tinkey was, at some time, a citizen of Pennsylvania, the Commonwealth's Rules of Civil Procedure apply.

Service of process outside of the Commonwealth of Pennsylvania is governed by Pennsylvania Rule of Civil Procedure 404, which provides that such service outside of Pennsylvania may be effectuated by mail in the manner provided in Rule 403. Pa. R.C.P. 404(2). Under Pennsylvania Rule of Civil Procedure 403, service of process by mail requires that a copy of the summons and the complaint be mailed to an individual by any form of mail requiring a *receipt signed by the individual* or the individual's authorized agent. Pa. R.C.P. 403 (emphasis added). Service in this manner is complete upon delivery of the mail. *Id.* However, if the mailing is returned with a notation that an individual *refused acceptance*, the serving party shall have the right to make service by mailing them a copy of the involved document by regular mail with a return address noted on the mailing. Pa. R.C.P. 403(1). Such service by ordinary mail is deemed complete if the mailing is not returned to the sender within fifteen (15) days after sending. *Id.* On the other hand, if the mail is returned with a notation that the mailing was *unclaimed*, the serving party shall effectuate service by another means under the rules. Pa. R.C.P. 403(2).

While Plaintiff alleges in his motion that he has tried, through counsel, to serve Tinkey on six (6) separate occasions, he has failed to meet the requirements of the Pennsylvania Rules of Civil Procedure related to service of process. First, the Court would note that Plaintiff's initial attempt to serve Tinkey at the Pennsylvania Address was not in compliance with Rule 402, which requires a hand delivery of original process. *See* Pa. R.C.P. 402(a). Second, in accordance with Rule 403(2), when the Lindsey Law Firm was notified that its third mailing to Tinkey was unclaimed, the Plaintiff could have accomplished service by any means

4

contemplated under the Commonwealth's Rules of Civil Procedure, including handing the Complaint to Tinkey personally or some other competent adult pursuant to Rule 402(a), continuing to attempt to meet the mailing requirements of Rule 403, following the rules for service of process under Texas law,[3] or some other alternative means, such as service of process by publication. *Id.*; *see also* Pa. R.C.P. 430(b). Pennsylvania Rule of Civil Procedure 430 provides for alternative methods of service of process if service cannot be made under the applicable rule. In such a case, a plaintiff may request by motion a special court order directing the method of service. Pa. R.C.P. 430. The motion must be accompanied by an affidavit stating the nature and extent of the investigation conducted to determine the location of the defendant and the reason why service cannot be made.[4] *Id.*

A plaintiff moving for alternative service must: (1) show that there was a good faith effort to locate the defendant; (2) undertake practical efforts to serve the defendant under the circumstances; and (3) show that the proposed alternative method of service is reasonably calculated to provide the defendants with notice of the proceedings against them. *Solis v. Karesko*, Civil Action No. 09-998, 2009 WL 1444407, at *4 (E.D. Pa. May 20, 2009) (citing

---

[3] Method of service under the Texas Rules of Civil Procedure is governed by Rule 106, which provides:

(a) Unless the citation or an order of the court otherwise directs, the citation shall be served by any person authorized by Rule 103 by (1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or (2) mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto.

(b) Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either (a)(1) or (a)(2) at the location named in such affidavit but has not been successful, the court may authorize service (1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or (2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit. Tex. R. Civ. P. 106

[4] Beyond hiring Trans-American to serve Tinkey, the record does not reflect the extent to which reasonable investigatory means have been exhausted to locate her, including those at little to no cost, such as utilizing a basic Internet search.

*Calabro v. Leiner*, 464 F. Supp. 2d 470, 470-72 (E.D. Pa. 2006)). However, no such motion is before the Court. Instead, the Plaintiff asks this Court to deem as sufficient its efforts heretofore. This the Court cannot do. The Plaintiff has the ability to request relief from the Court, in the form of requesting an alternative means of service, upon a requisite showing.[5] To deem Tinkey served before such alternative means are explored would be putting the proverbial judicial cart before the service horse. Rules concerning service of process must be strictly followed. *See ANS Assocs., Inc. v. Gotham Ins. Co.*, 42 A.3d 1074, 1076 (Pa. Super. Ct. 2012) (citing *Lerner v. Lerner*, 954 A.2d 1229, 1237 (Pa. Super. Ct. 2008)). "[I]mproper service is not merely a procedural defect that can be ignored when a defendant subsequently learns of the action against him or her." *Id.* at 1077 (quoting *Cintas Corp. v. Lee's Cleaning Svcs., Inc.*, 700 A.2d 915, 918 (Pa. 1997)). Moreover, assuming Tinkey received actual notice of the instant action that has been filed against her, such notice "cannot by itself validate an otherwise defective service." *Ayers v. Jacobs & Crumpler, P.A.*, 99 F.3d 565, 568 (3d Cir. 1996) (quoting *Grand Entertainment Group Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 492 (3d Cir. 1993).[6]

---

[5] The Court is not satisfied, in any event, despite Plaintiff's strong showing that a good faith effort has been made to serve Tinkey with the Complaint, that Tinkey has actual knowledge of the instant action brought against her.

[6] The Supreme Court of Pennsylvania has held that neither the Pennsylvania Rules of Civil Procedure or relevant case law contemplate punishing a plaintiff for technical missteps where he has satisfied the purpose of the statute of limitations by supplying a defendant with actual notice of the lawsuit pending against him. *McCreesh v. Cty. of Philadelphia*, 888 A.2d 664, 671 (Pa. 2005). In such a case, dismissal of an action is improper except where a plaintiff is trying to stall the litigation or the failure to comply with the rules regarding service of process has a prejudicial effect on the defendant. *Id.* However, such an issue is not present here.

For these reasons, this Court cannot deem Tinkey served at this time. Thus, the Motion to Deem Defendant Heather Tinkey is denied. The Plaintiff is directed to continue trying to effectuate service on Tinkey in accordance with the Federal and Pennsylvania Rules of Civil Procedure.[7]

An appropriate order will issue.

Mark R. Hornak
United States District Judge

Dated: 9/26/12

cc: All Counsel of Record
Heather Tinkey

---

[7] The Court will provide Defendant Tinkey with notice of this Memorandum Opinion and the Order that follows by certified mail, return receipt requested at her last known address of record, which is the Bowie Address.